UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL A. DEAN,                    )
                                    )
          Petitioner,               )
                                    )
     vs.                            )    Case No.   05-0256-CV-W-GAF-P
                                    )
MICHAEL BOWERSOX,                   )
                                    )
          Respondent.               )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner seeks habeas corpus relief from his conviction in the Circuit Court of McDonald County, Missouri, for the abuse of a child. The victim was a two-year-old girl, and the abuse was fatal.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Id*.

Petitioner was convicted pursuant to an *Alford*[1] plea, and he defaulted all claims in this case by failing to seek post-conviction

_____

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

relief in a timely manner pursuant to Missouri Supreme Court Rule 24.035.[2]

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As cause for his default, petitioner asserts that "the Sentencing Court inadvertently led [him] to believe that, after he was delivered to the penitentiary, he would not be required to do anything before an attorney was automatically appointed to represent him for the purpose of filing a [Rule 24.035 motion]." Doc. No. 1, supp. p. 3 (petition). Further, petitioner asserts that he "was led to believe [by the sentencing court] that an attorney would be automatically appointed to represent him before he filed his 24.035 motion." Doc. No. 6, p. 3 (petitioner's reply) (emphasis in original).

The record disproves petitioner's assertions. After sentencing petitioner, the judge stated: "[Y]ou have 180 days to file the [Rule

---

[2]"In reviewing a [Rule 24.035] motion for post-conviction relief . . . , an *Alford* plea is not treated differently than a guilty plea." *Sexton v. State*, 36 S.W.3d 782, 783 n.2 (Mo. App. 2001) (citation omitted).

2

24.035] motion with the clerk of the court. No cost deposit is required. The 180 days starts running when you are delivered to the penitentiary. An attorney would _later_ be appointed to represent you. You would file it on a form number 40." Respondent's Exhibit C, pp. 32-33 (transcript of proceeding) (emphasis added).

Petitioner has failed to demonstrate cause for his default. Petitioner also has failed to show that he is "probably actually innocent" of the crime for which he was convicted. *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996), *cert. denied*, 520 U.S. 1128 (1997). The Court finds that further review of petitioner's claims is not required to prevent a fundamental miscarriage of justice.

Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.


/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

3

Dated: ____9/27/05_____.